**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONA STEPANYAN, | No. 12-74229 |
| Petitioner, | Agency No. A089-299-747 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2015[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

Sona Stepanyan petitions for review of the Board of Immigration Appeals'

decision dismissing her appeal from the immigration judge's denial of her

application for asylum, withholding of removal, and relief under the Convention

Against Torture. Because Stepanyan filed her applications after May 11, 2005, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

REAL ID Act applies.  *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.

2010).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination because Stepanyan's testimony about the severity of her injuries was contradicted by her medical record.  *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) ("Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination.").  Because we do not hold that "any reasonable adjudicator would be compelled to conclude to the contrary," we do not disturb the agency's credibility finding.  *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

Also, substantial evidence supports the BIA's conclusion that Stepanyan's testimony about the March 1, 2008, rally was implausible.  See 8 U.S.C. § 1158(b)(1)(B)(iii) (listing "the inherent plausibility of the applicant's . . . account" as a factor that impacts his or her credibility).  Although Stepanyan claimed she was seriously involved in the political unrest leading up to the rally, her passport showed she did not arrive in Armenia from Russia until the morning of the rally. She admitted on cross-examination that she was in Russia for a business trip from mid-February until March 1.  When confronted with this

inconsistency, Stepanyan testified that she went straight from the airport to the rally and sent her luggage home with her taxi driver. The BIA justifiably questioned the plausibility of this account, and its implausibility supports the immigration court's adverse credibility finding.

Substantial evidence further supports the BIA's determinations that Stepanyan's allegations of threats were too vague to support a finding that the threats evidenced past persecution, or a well-founded fear of future persecution. *See Cardoza-Fonseca v. I.N.S.*, 767 F.2d 1448, 1453 (9th Cir. 1985) (asylum applicant must point to specific, objective facts that support an inference of past persecution or risk of future persecution).

By failing to show that she was eligible for asylum, Stepanyan also failed to make the more stringent showing that she was eligible for withholding of removal. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

Furthermore, the BIA did not err in concluding that Stepanyan failed to sustain her burden to show eligibility for relief under CAT. 8 C.F.R. § 1208.16(c)(2); *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (Section 1208.16(c)(2) provides that an applicant for deferral of removal

must demonstrate that it is more likely than not that he or she will be tortured if removed).

We reject Stepanyan's arguments that the immigration judge violated her due process rights. Her argument that the agency failed to develop the record is deemed abandoned, because it is inadequately briefed before this court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (this court will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief)*; Maldonado v. Morales*, 556 F.3d 1037, 1048 n. 4 (9th Cir. 2009) (arguments made in passing and inadequately briefed are waived); *Martines-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Additionally, she did not exhaust her argument that the immigration judge violated her due process rights when he drew a negative inference from her husband's failure to testify. *Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 779-80 (9th Cir. 2001) (petitioner's failure to exhaust her administrative remedies on the issue of whether she was denied a full and fair hearing before a neutral fact-finder prevented this court from exercising judicial review of this question).

**PETITION for REVIEW DENIED.**